IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Huzhou Shunji E-Commerce Co., Ltd. a/k/a Sailun Home, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Dbest Products, Inc., )<br>)<br>Defendant. ) | Civil Action No.<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, Huzhou Shunji E-Commerce Co., Ltd. a/k/a Sailun Home ("Plaintiff"), brings this action against Defendant Dbest Products, Inc. ("Defendant") (i) for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. that U.S. Patent No. 12,103,576 ("the '576 Patent," *Exhibit 1*) is not infringed by Plaintiff's products and that the '576 Patent is invalid over prior art references, (ii) for money damages for misuse of the '576 Patent on folding & rolling cart to control the storage box market, in violations of Section 2 of the Sherman Act and (iii) for money damages for tortious interference with business relationship.

## THE PARTIES

1.      Plaintiff is a Chinese company with its principal place of business at No. 52, 5th Group, Qianjin Village, Qianjin Town, Nanxun District, Huzhou City, Zhejiang Province 313016, P.R. China.  Plaintiff makes and sells storage boxes on Amazon.com to consumers in the U.S., including those in the State of New York.  For the period from August 24, 2024 to December 4, 2024, Plaintiff sold storage boxes to 18 consumers in New York City. (*Exhibit 2*).

1

2. On information and belief, Defendant is a California based company and is a market leader in folding & rolling carts market in the U.S. (*Exhibit 3*). Defendant conducts its business within this judicial district from the Lowe's store located at 3200 Crompond Rd, Yorktown Heights, NY 10598 and the Home Depot store located at 80 Independent Way, Brewster, NY 10509 (*Exhibit 4*). Defendant has committed the alleged wrongful acts herein knowing that they would cause harm to Plaintiff in this judicial district by using the '576 Patent on folding & rolling cart to wrongfully halt sales of Plaintiff's storage boxes to consumers in the State of New York.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 1331, 15 U.S.C. §§ 1, et seq., 28 U.S.C. § 2201 (Declaratory Judgment Act).

4. This Court has personal jurisdiction over Defendant for engaging in business activities within this judicial district by selling its folding & rolling carts through local Lowe's and Home Depot stores and by committing wrongful acts damaging the Plaintiff in the State of New York. Venue in this judicial district is proper under 15 U.S.C. 22, 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant conduct business in this judicial district and its agent may also be found in this judicial district.

## FACTS

5. This case arises out of Defendant's assertion of the '576 Patent on folding & rolling carts to take control of the storage box market. Defendant's action falls squarely within the patent misuse definition for "impermissibly broadened the 'physical or temporal' scope of the patent grant with anticompetitive effect." *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986).

6. Defendant is the owner of record of the '576 Patent covering folding & rolling carts and has a legal monopoly over such folding & rolling cart market.

7. Defendant leveraged its market power in the folding & rolling cart market to attempt to control the storage box market by filing frivolous patent infringement complaints against the Plaintiff[1] and other sellers of storage boxes on Amazon under the pretense of infringing the '576 Patent claims on folding & rolling carts.

8. The '576 Patent has 18 claims with 3 independent claims, claims 1, 11 and 15. Claims 2-10 are dependent on claim 1 either directly or indirectly. Claims 12-14 are dependent on claim 11 and claims 16-18 are dependent on claim 15.

9. Each element of claim 1 of the '576 Patent is compared directly with Plaintiff's storage box in the table below.

| Element # | Element of Claim 1 of the '576 Patent | Plaintiff's Storage Box |
|---|---|---|
| #1 | A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising | This element is NOT present on Plaintiff's storage box |
| #2 | a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, | This element is present on Plaintiff's storage box |
| #3 | the right sidewall and the left sidewall are configured to fold inwardly in the closed condition; | This element is NOT present on Plaintiff's storage box |
| #4 | the right sidewall comprising a first right panel rotatably coupled to a second right panel; | This element is NOT present on Plaintiff's storage box |

---

[1] Defendant filed a frivolous complaint against Plaintiff on December 4, 2024 (*Exhibit 5*) with an assertion of infringement of the '576 Patent to lockdown Plaintiff's Amazon accounts. As of the filing date of this action, Plaintiff's Amazon accounts are still locked down.

| # | | |
|---|---|---|
| #5 | the second right panel proportioned to fit within an opening in the first right panel; | This element is NOT present on Plaintiff's storage box |
| #6 | a first track formed along the first right panel and | This element is NOT present on Plaintiff's storage box |
| #7 | the second right panel extending from a first position on the first right panel to a second position on the second right panel; and | This element is NOT present on Plaintiff's storage box |
| #8 | a first slideable member cooperatively engaged to the first track, | This element is NOT present on Plaintiff's storage box |
| #9 | the first slideable member is movable along the first track between an open position to a closed position to selectively lock the first right panel to the second right panel, | This element is NOT present on Plaintiff's storage box |
| #10 | wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right panel and second right panel. | This element is NOT present on Plaintiff's storage box |

Elements #1 and #3-#10 in claim 1 of the '576 Patent are not present in the Plaintiff's storage box.

10.     Each element of claim 11 of the '576 Patent is compared directly with Plaintiff's storage box in the table below.

| Element # | Element of Claim 11 of the '576 Patent | Plaintiff's Storage Box |
|---|---|---|
| #1 | A cart comprising: | This element is NOT present on Plaintiff's storage box |

4

| | | |
|---|---|---|
| #2 | a rigid frame forming a compartment in an open condition, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, | This element is present on Plaintiff's storage box |
| #3 | the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, | This element is NOT present on Plaintiff's storage box |
| #4 | the right sidewall comprising a first right panel rotatably coupled to a second right panel, | This element is NOT present on Plaintiff's storage box |
| #5 | the right sidewall further comprising a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel and, | This element is NOT present on Plaintiff's storage box |
| #6 | the second right panel comprises a ribbed wall with a plurality of ribs; and | This element is NOT present on Plaintiff's storage box |
| #7 | a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel. | This element is NOT present on Plaintiff's storage box |

Elements #1 and #3-#7 in claim 11 of the '576 Patent are not present in the Plaintiff's storage box.

11. Each element of claim 15 of the '576 Patent is compared directly with Plaintiff's storage box in the table below.

| Element # | Element of Claim 15 of the '576 Patent | Plaintiff's Storage Box |
|---|---|---|
| #1 | A stackable collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the stackable collapsible cart comprising: | This element is NOT present on Plaintiff's storage box |
| #2 | a rigid frame forming a compartment in the open condition, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, | This element is present on Plaintiff's storage box |
| #3 | the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, | This element is NOT present on Plaintiff's storage box |
| #4 | the right sidewall comprising a first right panel rotatably coupled to a second right panel; | This element is NOT present on Plaintiff's storage box |
| #5 | a first lock assembly integrated with the first right panel and the second right panel, | This element is NOT present on Plaintiff's storage box |
| #6 | the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel; | This element is NOT present on Plaintiff's storage box |
| #7 | a wheel assembly coupled to the bottom wall of the cart, the first wheel assembly having a first vertical axis; and | This element is NOT present on Plaintiff's storage box |
| #8 | a rigid top cover conforming in shape to a top opening of the compartment, the rigid top cover securely fits in a first position over the top opening to serve as a cover on top of the collapsible cart, the rigid top cover securely | This element is present on Plaintiff's storage box |

|     | fits in a second position when the right sidewall and left sidewall fold inwardly in a closed condition, |     |
| --- | --- | --- |
| #9  | wherein the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, | This element is NOT present on Plaintiff's storage box |
| #10 | the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically. | This element is NOT present on Plaintiff's storage box |

Elements #1, #3-#7 and #9-#10 in claim 15 of the '576 Patent are not present in the Plaintiff's storage box.

12. A direct comparison of Defendant's folding & rolling cart and Plaintiff's storage box in the table below more clearly demonstrates the major differences between the cart and the box.



| Figure 8 of the '576 Patent (folding & rolling cart) | Plaintiff's Storage Box |
| --- | --- |

13. The Federal Circuit Court has held that "For there to be literal infringement, each element or step of a single claim must be found in the accused product or method. If any

element or step of a claim is missing, there can be no literal infringement." *Hormone Research Found. v. Genentech Inc.*, 15 U.S.P.Q.2d 1039, 1042 (Fed. Cir. 1990).

14. The all-elements Rule requires that "the doctrine of equivalents must be applied to each individual element of a claim, not to the invention as a whole." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). Defendant cannot show that every element of the patented invention on folding & rolling cart, or its substantial equivalent, is present in Plaintiff's storage boxes.

15. In addition, the claimed invention in the '576 Patent has been disclosed in prior art references, including (i) U.S. Patent Publication No. 2009/0145913 entitled "Collapsible and expandable rolling storage system" to Panosian ("Panosian"); (ii) U.S. Patent Publication No. 2021/0206414 entitled "High load capacity collapsible carts" to Richard ("Richard"); (iii) U.S. Patent Publication No. 2002/0171228 is entitled "Accessories for a collapsible rolling caddy" to Darren ("Darren"); (iv) Chinese Patent Publication No. CN112918890A entitled "A storage module" to Song Xubin ("Song"); and (v) U.S. Patent No. 5,289,933 entitled "Collapsible cargo container" to Roland ("Roland").

**COUNT I – DECLARATORY JUDGMENT OF NON- INFRINGEMENT**

16. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

17. Plaintiff's storage box does not literally infringe any of the independent claims 1, 11 and 15 of the '576 Patent because (i) elements #1 and #3-#10 of claim 1 are not present in Plaintiff's storage boxes, (ii) elements #1 and #3-#7 of claim 11 are not present in Plaintiff's storage boxes and (iii) elements #1, #3-#7 and #9-#10 of claim 15 are not present in Plaintiff's storage boxes.

18. Plaintiff's storage boxes also do not infringe any of the independent claims 1, 11 and 15 under the Doctrine of Equivalence because "the doctrine of equivalents must be applied to each individual element of a claim, not to the invention as a whole." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997).

19. Plaintiff's storage boxes also do not infringe claims 2-10, claims 12-14, and claims 16-18 under the All Element Rule because (i) claims 2-10 are dependent on claim 1 and incorporate all the elements of claim 1, (ii) claims 12-14 are dependent on claim 11 and incorporate all the elements of claim 11, and (iii) claims 16-18 are dependent on claim 15 and incorporate all the elements of claim 15.

20. Defendant's frivolous complaint against Plaintiff for alleged infringement of the '576 Patent has caused substantial damages to Plaintiff, including locked down Amazon accounts, lost sales and lost good will.

WHEREFORE, Plaintiff demands:

a declaratory judgment that Plaintiff's storage boxes do not infringe any of claims 1-18 of the '576 Patent; a permanent injunction against Defendant from any further assertion of patent infringement of the '576 Patent against Plaintiff's storage boxes, with costs of this action, including attorney's fees, and any other relief that the Court deems just and equitable.

### COUNT II.   DECLARATORY JUDGMENT OF INVALIDITY

21. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

22. All the Claims of the '576 Patent are invalid under 35 U.S.C. § 102 and/or § 103, at least in view of one eor more of Panosian, Richard, Darren, Song and Roland, as well as any additional prior art that may come to light during this litigation.

23. Defendant's baseless complaint against Plaintiff to the Amazon platform has caused significant damages to Plaintiff.

WHEREFORE, Plaintiff demands:

a declaratory judgment that the claims of the '576 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112; a permanent injunction against Defendant from any further assertion of patent infringement of the '576 Patent against Plaintiff's storage boxes, with costs of this action, including attorney's fees, and any other relief that the Court deems just and equitable.

## COUNT III.   VIOLATION OF 15 U.S.C. §1, ET SEQ.

24. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

25. Defendant's frivolous complaint to Amazon against Plaintiff's storage boxes constitutes patent misuse because Plaintiff's storage boxes do not and cannot infringe the '576 Patent claim on folding & rolling cart.

26. Defendant has a legal monopoly on the folding & rolling cart market under the patent law.

27. Defendant leveraged such legal monopoly on the folding & rolling cart market to expand it into the storage box market by enforcing the '576 Patent beyond the scope of its legal protection.  As a matter of fact, Defendant's use of the '576 Patent on folding & rolling cart to illegally grab the market for storage box market from the Plaintiff and others violated Section 2 of the Sherman Act.  The U.S. Supreme Court has long held that patent misuse can constitute illegal monopolization or attempted monopolization. see *Walker Process Eqpt., Inc. v. Food Machinery Corp.*, 382 U.S. 172 (1965).

28.    Plaintiff has been damaged by Defendant's misuse of the '576 Patent and its violations of Section 2 of the Sherman Act.

29.    Plaintiff is entitled to treble damages under Section 4 of the Clayton Act, 15 U.S.C.S. § 15, which provides that "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue" for treble damages, prejudgment interest, and costs of suit, including attorney fees."

WHEREFORE, Plaintiff demands:

Treble damages against Defendant, the costs for this action, including attorney's fees; and any other relief the Court deems just and equitable.

### COUNT IV.   TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

30.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

31.    Defendant knew that Plaintiff has been doing business on Amazon.com through its e-commerce store(s) under standard agreement between Amazon.com and its e-commerce stores.

32.    Defendant also knew that it is not a party to the Plaintiff-Amazon.com agreement.

33.    Defendant knowingly filed a frivolous complaint against Plaintiff to Amazon, alleging that Plaintiff's storage boxes infringed the '576 Patent claim(s) on folding & rolling cart.

34.    Defendant knew that Plaintiff-Amazon agreement calls for closing the e-commerce stores upon third party allegations of patent infringement.

35.    Defendant abused Amazon's store-closing process by filing frivolous claims for patent infringement against Plaintiff.

36. Defendant tortiously interfered with Plaintiff's business relationship with Amazon through their wrongful and malicious conducts and caused substantial damages to Plaintiff, with Plaintiff's Amazon accounts being locked down for an extended period of time.

WHEREFORE, Plaintiff demands:

Money damages against Defendant for tortiously interfere with the contract between Plaintiff and Amazon, including lost sales, storage fees for unsold goods, shipping costs, handling fees, removal fees, the costs for this action; Punitive and exemplary damages; and any other relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial of all issues triable to a jury.

Respectfully submitted,

Dated: January 14, 2025

*/s/ Lance Liu*
Lance Liu, Esq.
NY Bar No. 3002946
15 Minuteman Circle
Southbury, CT 06488
Lanceliu2000@Gmail.com
(203)706-9536

**ATTORNEY FOR PLAINTIFF**